UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JAMAR SMYTHE,

                               Plaintiff,

  - against -

CITY OF YONKERS, CITY OF YONKERS
POLICE DEPARTMENT, JANE DOES 1-10 &
JOHN DOES 1-10 *of persons employed by the City
of Yonkers Police Department*, CHARLES
GARDNER, *sued individually and in his official
capacity*, EDMUND HARTNETT, *sued
individually and in his official capacity*, MICHAEL
CASSINO, *sued individually and in his official
capacity*, CHRISTIAN KOCH, *sued individually
and in his official capacity*, DENNIS MOLINA,
*sued individually and in his official capacity*,
MICHAEL MUELLER, *sued individually and in
his official capacity*, VINCENT STARKEY, *sued
individually and in his official capacity*, SEAN
FOGARTY, *sued individually and in his official
capacity*, TIMOTHY CLEARY, *sued individually
and in his official capacity*, ROBERT BOCK, *sued
individually and in his official capacity*, DENNIS
MULLIN, *sued individually and in his official
capacity*, and THOMAS BRAIG, *sued individually
and in his official capacity*,

**ORDER**

No. 16-CV-2451 (CS)

                               Defendants.
----------------------------------------------------------------x

Seibel, J.

     Before the Court is the motion of the City of Yonkers to seal exhibits on which it will rely in moving for summary judgment on Plaintiff's *Monell* claim, (ECF No. 228), and Plaintiff's opposition thereto, (ECF No. 230).

The Second Circuit has established a three-part test to determine whether documents submitted to a federal court should be sealed.  "First, the court determines whether the record at issue is a 'judicial document' – a document to which the presumption of public access attaches.  Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document.  Third, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  *Stafford v. IBM*, 78 F.4th 62, 69-70 (2d Cir. 2023).[1]

"[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."  *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *see Stafford*, 78 F.4th at 69; *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006); *Savor Health, LLC v. Day*, No. 19-CV-9798, 2022 WL 17404197, at *2 (S.D.N.Y. Dec. 1, 2022); *Scism v. City of Schenectady*, No. 18-CV-672, 2021 WL 4458819, at *2-3 (N.D.N.Y. Sept. 29, 2021).  Once the presumption has been triggered, the Court must "balance competing considerations against it," including but not limited to "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Lugosch*, 435 F.3d at 120; *see Milris v. Greer*, 952 F.3d 51, 59, 61 (2d Cir. 2020); *Oliver v. New York State Police*, No. 15-CV-444, 2020 WL 1227141, at *2 (N.D.N.Y. Mar. 13, 2020).  "In determining the proper weight to accord an asserted privacy interest, a court should consider both the degree to which the subject matter is traditionally considered private

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

rather than public, as well as the nature and degree of the injury to which the party resisting disclosure would be subjected were the privacy interest not protected." *Milris*, 952 F.3d at 61.

Given this strong presumption in favor of public access, sealing documents submitted in connection with summary judgment "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Brown*, 929 F.3d at 47; *see Lugosch*, 435 F.2d at 120.  Determining to seal or redact a document requires an individualized, document-by-document review.  *Brown*, 929 F.3d at 48; *New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605, 2019 WL 3294170, at *1 (S.D.N.Y. July 19, 2019).

Here, the City's broad assertions regarding potential confidential and sensitive information contained in unspecified documents are not sufficient to justify sealing.  *See, e.g., Matagrano v. Levitt*, No. 21-CV-6415, 2023 WL 4206511, at *9 (W.D.N.Y. June 26, 2023); *Dentons US LLP v. Zhang*, No. 21-MC-462, 2021 WL 2187289, at *2 (S.D.N.Y. May 28, 2021).  The City's request is not narrowly tailored, as it has not identified the specific records sought to be sealed, instead seemingly relying on the fact that they have been marked as "Confidential" under the March 20, 2018 Amended Confidentiality Stipulation and Order.  (*See* ECF No. 69.)  But "[c]onfidentiality agreements alone are not an adequate basis for sealing" judicial documents.  *Dentons*, 2021 WL 2187289, at *1 (collecting cases); *see Matagrano*, 2023 WL 4206511, at *8 ("[M]aterial designated as Confidential by a protective order might not overcome the presumption of public access once it becomes a judicial document."); *Scism*, 2021 WL 4458819, at *3 ("[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document."); *Khurana*, 2019 WL 3294170, at *1 ("[T]he mere fact that information is subject to a

confidentiality agreement between litigants is not a valid basis to overcome the presumption in favor of public access to judicial documents.").

Because the City raises only generalized concerns regarding the potential disclosure of sealed state criminal matters or the identities of confidential informant(s), (*see* ECF No. 228 at 2), without pointing to specific documents, it raises at this time only speculative concerns. *See, e.g.*, *Brown*, 929 F.3d at 48 (district court erred by failing to review individual documents and produce "specific, on-the-record findings that sealing is necessary to preserve higher values"); *Matagrano*, 2023 WL 4206511, at *9 (requiring party to establish, with particularity, basis for sealing so that court may make specific finding); *Dentons*, 2021 WL 2187289, at *2 (conclusory assertion that documents "include highly confidential and sensitive matters" not sufficient to seal under *Lugosch*). Indeed, it appears that the City wishes to redact or seal whole swaths of information (an unknown fraction of "hundreds of Y[onkers] P[olice] D[epartment] Narcotics Division case files," (ECF No. 228 at 1)), because "it is possible that at least some of [them] are sealed as a matter of law pursuant to relevant sections of NY Criminal Procedure Law," (*id.* at 2). While the stated concerns seem valid – for example, a document revealing the name or identifying information of a confidential informant, *see Scism*, 2021 WL 4458819, at *4, or a document sealed in state court following an acquittal, would likely be appropriately redacted or sealed – I cannot reach any conclusions without knowing what individual documents are at issue, and why the City believes those particular documents ought not to be public.

As both parties agree to bundling for the motion for summary judgment, there should be adequate time for the City to review the documents at issue, determine which it believes should be sealed or redacted, and provide a particular basis on which it believes the Court can make the necessary specific findings. I recognize that this will require work on the City's part, but the law

requires it.  Finally, I direct the parties – bearing in mind the principles set forth above – to confer regarding Plaintiff's request to unseal records previously sealed in connection with Defendants' prior motions for summary judgment.  (*See* ECF No. 230 at 5.)

**SO ORDERED.**

Dated: January 10, 2024
       White Plains, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　CATHY SEIBEL, U.S.D.J.